UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

R. BROWN & SONS, INC.,                        :
                                              :
            Appellant,                        :
                                              :
      v.                                      :      Case No. 1:13-cv-00317-jgm
                                              :
RATHE SALVAGE, INC.,                          :
LAROCHE TOWING & RECOVERY, INC., and          :
NEW ENGLAND QUALITY SERVICE, INC.,            :
                                              :
            Appellees.                        :
_____:

Opinion and Order
(Doc. 1)

I.      Introduction

        R. Brown & Sons, Inc. ("R. Brown") appeals the Bankruptcy Court's September 18, 2013

final order on pre-petition and post-petition storage claims.  For the following reasons, the

Bankruptcy Court's decision is AFFIRMED.

II.     Background

        Appellant R. Brown is a scrap metal recycling and transporting business that filed for

bankruptcy in June of 2013.  Appellee Rathe Salvage, Inc. ("Rathe"), a creditor who had obtained a

$440,095 judgment against R. Brown, obtained a writ of execution on ten items of equipment,

machinery, and vehicles ("Property") belonging to R. Brown.  The Property was seized by Rutland

and Washington County Sheriffs (the "Sheriffs") in accordance with state statutes.

        Rathe arranged for Appellees LaRoche Towing & Recovery, Inc. ("LaRoche") and New

England Quality Service, Inc., d/b/a Earth Waste & Metal Systems ("Earth Waste") to store the

Property.  In a July 26, 2013 order the Bankruptcy Court concluded the Sheriffs acted as

"custodians" as defined by 11 U.S.C. § 101(11) and LaRoche and Earth Waste acted as the Sheriffs'

agents in storing the Property.  (Doc. 1-4 (Record), at 102.)  LaRoche and Earth Waste stored the property for 116 days.  Because Vermont law holds a judgment debtor responsible for costs resulting from the levy, R. Brown is responsible for expenses associated with storing the Property for 116 days.  The rates averaged between $50 and $100 a day per a piece of equipment and ultimately totaled $73,125.

On appeal, R. Brown argues the Bankruptcy Court (1) erred as a matter of law in determining the Sheriffs qualified as custodians under § 101(11), and (2) committed clear error in finding the storage fees reasonable.  (Doc. 16, at 10.)  R. Brown filed its brief on October 30, 2014 (Doc. 16.)  Earth Waste filed its brief on December 30, 2014 (Doc. 19) and Rathe filed its brief on December 31, 2014 (Doc. 20).  R. Brown did not file a reply brief.

III.   Discussion

A custodian of the debtor's property may recover "administrative expenses" in the amount of "actual, necessary costs of preserving the estate," 11 U.S.C. § 503(b), and is entitled to priority in recovering these expenses, see 11 U.S.C. § 507(a)(2).  R. Brown argues the Sheriffs were not custodians and are therefore not entitled to priority.  R. Brown also argues the storage fees were unreasonably high -- and thus not "necessary" -- and therefore LaRoche and Earth Waste, who acted as agents of the custodian Sheriffs, should not be entitled to priority.  LaRoche and Earth Waste argue the Sheriffs were custodians and the storage fees were reasonable.  (Docs. 19, 20.)  Earth Waste also argues the Court lacks jurisdiction to consider the appeal because R. Brown failed to timely file its notice of appeal.  (Doc. 19.)

A.   Standard of Review

A Bankruptcy Court's "[f]indings of fact are reviewed for clear error, and conclusions of law are reviewed de novo."  In re Kalikow, 602 F.3d 82, 91 (2d Cir. 2010).  A district court reviews a

bankruptcy court's conclusions on mixed questions of law and fact <u>de novo</u>.  <u>See</u> <u>Pion v. Bean</u>, No. 1:07-cv-272, 2008 WL 2756478, at *1 (D. Vt. July 14, 2008).

B.     <u>Timely Filing of the Notice of Appeal</u>

Earth Waste argues R. Brown's Notice of Appeal was not timely filed.  (Doc. 19, at 2-5.) The time limit for appeals prescribed by the bankruptcy rules is jurisdictional.  <u>See</u> <u>In re Indu Craft, Inc.</u>, 749 F.3d 107, 115 (2d Cir. 2014).

Earth Waste asserts the Federal Rules of Appellate Procedure provide the relevant time in which to appeal, citing 28 U.S.C. § 158(a)'s general provision that bankruptcy appeals are "taken as any other civil appeal under these rules."  28 U.S.C. § 158(a).  Earth Waste is incorrect.  Section 158(c)(2) explains an appeal from a decision of a Bankruptcy Court shall be taken "in the time provided by Rule 8002 of the Bankruptcy Rules."  28 U.S.C. § 158(c)(2).  Rule 8002(a) requires a notice of appeal be "filed with the bankruptcy court within 14 days after entry of the judgment, order, or decree being appealed."  Fed. R. Bankr. P. 8002(a)(1).

The Bankruptcy Court issued its final order on September 18, 2013.  Fourteen days later, on October 2, R. Brown moved to extend time to file its notice of appeal until October 23.  (Record, at 15.)  Rule 8002(d)(1) allows a bankruptcy court to grant this extension.  <u>See</u> Fed. R. Bankr. P. 8002(d)(1) (the bankruptcy court may extend the time to file a notice of appeal upon a party's motion filed within the time prescribed by Rule 8002).  The Bankruptcy Court granted the extension on the same day (Record, at 15) and R. Brown timely filed its notice of appeal on October 23, 2013.

C.     <u>The Sheriffs as Custodians</u>

Earth Waste also argues that even if R. Brown timely filed its notice of appeal of the September 18, 2013 order, the Court lacks jurisdiction to review the Bankruptcy Court's determination the Sheriffs were "custodians" because it made that determination in an earlier July 26

order.  (Doc. 19, at 3.)  In its final order of September 18, the Bankruptcy Court clearly stated it had previously decided the "custodian" issue.  See Record, at 161 ("Based on an analysis similar, though not identical, to that of the Okhapo court, this Court found that the custodians in this case are the Rutland county Sheriff and Washington county Sheriff.").  Because it is clear the September 18 final order did not decide the issue of whether the Sheriffs were custodians, and because the notice of appeal only sought to appeal the September 18 order, this Court lacks jurisdiction to consider whether the Bankruptcy Court correctly determined the Sheriffs were custodians.  See Shrader v. CSX Transp., Inc., 70 F.3d 255, 256 (2d Cir. 1995) (when a party does not mention a challenged order in the notice of appeal, the appellate court lacks jurisdiction to review that earlier decision); see also In re Dana Corp., 412 B.R. 53, 59 (S.D.N.Y. 2008) ("The Court has jurisdiction to review only those bankruptcy orders 'designated' in the Notice of Appeal.").

Even were the Court to review the Bankruptcy Court's determination on the merits, it would agree the Sheriffs qualified as custodians.  Cf. In re Soter, 31 B.R. 986, 990 (D. Vt. 1983) (although the bankruptcy appeal was untimely, "for purposes of possible review by the court of appeals, the court examines the merits").  The Bankruptcy Code defines a "custodian" as a "trustee, receiver, or agent under applicable law . . . that is appointed or authorized to take charge of property for the debtor for the purpose of enforcing a lien against such property, or for the purpose of general administration of such property for the benefit of the debtor's creditors."  11 U.S.C. § 101(11)(C).  Thus, whether the Sheriffs are custodians depends in part on Vermont law.  The Bankruptcy Court found the relevant Vermont statute, 12 V.S.A. § 2731, authorized the Sheriffs to levy the Property and required it "shall be safely kept by the officer at the debtor's expense, until sold or the execution is otherwise satisfied."  Id.  Because the Sheriffs were obligated to levy and "safely ke[ep]" the Property, the Bankruptcy Court concluded the Sheriffs were custodians.  Furthermore, it was

4

irrelevant that Rathe, rather than the Sheriffs, arranged for LaRoche and Earth Waste to store the Property, because the custodial duties remained imposed on the Sheriffs under Vermont Law. (Record, at 162.)  The Bankruptcy Court found support in In re Ohakpo, 494 B.R. 269 (Bankr. E.D. Mich. 2013), where custodian sheriffs received an order to seize a debtor's property and hired two towing companies to physically seize the property and store it.

      R. Brown argues this case is distinguishable from Ohakpo and other cases in which a custodian sheriff actually controlled the property.  See, e.g., In re Skinner, 213 B.R. 335 (Bankr. W.D. Tenn. 1997) (finding a sheriff who levied a debtor's truck and possessed that truck was a "custodian").  Specifically, it argues the Sheriffs were not properly custodians because they merely ensured the property was seized without a breach of peace, but did not "control" the disposition of the Property -- Rathe controlled the Property, arranged for storage, and reimbursed the Sheriffs for their costs.  (Record, at 102.)  Although Rathe may have physically controlled the Property, the Sheriffs remained responsible for the disposition of the Property under Vermont law.  See 12 V.S.A. § 2731 (the relevant court officer "shall levy" the property described in the writ and the property "shall be safely kept by the officer at the debtor's expense").  They were required to execute the writ and were liable for failure to pay the creditor based on their execution of the writ.  See 12 V.S.A. § 697 (a sheriff who "willfully refuses or neglects to serve or return . . . [a] writ, shall be fined"); 12 V.S.A. § 2736 (an officer who fails to pay a creditor the proceeds of an execution is subject to a tort action).  Accordingly, the Bankruptcy Court correctly found the sheriff was the designated court officer "charged with the duty of levying and protecting the property" in question, regardless of whether the Sheriffs enlisted LaRoche and Earth Waste as agents.  (Record, at 151.)

      D.     <u>Reasonableness of Storage Fees</u>

R. Brown also challenges the Bankruptcy Court's determination the Sheriffs incurred reasonable storage fees.  The reasonableness of the storage fees is a question of fact reviewed for clear error.  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  <u>First Brandon Nat'l Bank v. Kerwin-White</u>, 109 B.R. 626, 631 (D. Vt. 1990) (quoting <u>United States v. United States Gypsum Co.</u>, 333 U.S. 364, 395 (1948)).

R. Brown argues the Bankruptcy Court committed clear error by failing to consider customary charges for long-term storage services when finding the fees reasonable.  (Doc. 16, at 16.) R. Brown contends fees of $50 to $100 per day, although reasonable as short-term storage rates, were unreasonable as long-term storage rates.  The Bankruptcy Court, however, considered all the evidence regarding the reasonableness of storage fees.  LaRoche and Earth Waste representatives testified the rates were customary.  (Record, at 166.)  The Washington County Sheriff also testified the rates were customary and reasonable given the size of the Property.  (Record, at 167.)  R. Brown's three witnesses included (1) its own principal, Robert Edward Brown, who charged $100 a month for storage but did not distinguish between long-term and short-term storage; (2) a storage professional who charged a low $50 a month for long-term storage but nonetheless charged $100 a day for short-term storage; and (3) an auctioneer who testified his company stored equipment for $10 a day, but under a contract with the U.S. Marshal Service.  (Record, at 14.)

A bankruptcy court should "measure 'reasonableness' and 'benefit' [under § 543(c)(2)] prospectively, as of the date the services were rendered."  <u>In re R & G Props., Inc.</u>, No. 08-10876, 2009 WL 1396285, at *4 (Bankr. D. Vt. Apr. 30, 2009).  Considering the testimony given, the Bankruptcy Court did not commit clear error in finding the Sheriffs acted reasonably in seeking

short-term storage at customary rates for the seized Property, as they were not required to predict the Property would be stored for 116 days.  Furthermore, R. Brown had control over the length of time the Property was stored, as filing for bankruptcy would have forced turnover of the Property. See Doc. 20, at 6.  Of the 116 days during which the Property was stored, 95 days passed before R. Brown filed for bankruptcy.  (Doc. 20, at 6.)

IV.    Conclusion

Based on the foregoing, the Order of the Bankruptcy Court is AFFIRMED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 25th day of February, 2015.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge